# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MUQDAD ALYAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, JOSEPH B. EDLOW, in his official capacity as director of United States Citizenship and Immigration Services, CAROLINE PRATT, in her official capacity as United States Citizenship and Immigration Services Omaha Field Office Director, KRISTI NOEM, in her official capacity as Secretary of Homeland Security, CARRIE M. SELBY, in her official capacity as Acting Director of United States Citizenship and Immigration Services National Benefits Center, PAM BONDI, in her official capacity as Attorney General of the United States, LESLEY A. WOODS, in her official capacity as United States District Attorney for the State of Nebraska.<br><br>Respondents. | CASE NO. 4:25-mc-3156<br><br><br><br>**PETITION FOR WRIT OF MANDAMUS** |

Petitioner, Muqdad Alyas, by and through counsel, respectfully petitions this Court for a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the United States Citizenship and Immigration Services (hereinafter, "USCIS) to take action on his long-delayed N-336 hearing, and in the alternative, seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Petitioner alleges as follows:

1. Muqdad Murad Alyas (hereinafter, "Petitioner") is a lawful resident of the United States residing in Lincoln, Nebraska, and is eligible for naturalization under 8 U.S.C. § 1427.

2. Respondent USCIS is the agency responsible for adjudicating immigration and naturalization applications.

3. Respondent Joseph B. Edlow is the Director of USCIS and is sued in his official capacity.

4. Respondent Caroline Pratt is the United States Citizenship and Immigration Services Omaha Field Office Director and is sued in her official capacity.

5. Respondent Kristi Noem is the Secretary of the Department of Homeland Security and is sued in her official capacity.

6. Respondent Pam Bondi, as the Attorney General of the United States, has naturalization authority pursuant to 8 U.S.C. §1421 and is sued in her official capacity.

7. Respondent Director of the United States Citizenship and Immigration National Benefits Center is also sued in their official capacity.

8. Respondent Lesley Woods is the United States District Attorney for the District of Nebraska and is sued in her official capacity.

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), and 8 U.S.C. § 1361 (mandamus).

6. Venue is proper under 28 U.S.C. § 1391(e) because Petitioner resides in this judicial district and the Respondents are officers of the United States acting in their official capacity.

7. Petitioner filed a Form N-400 application for naturalization on or about October 18, 2023.

8. USCIS denied Petitioner's application and issued a written decision, dated March 14, 2024.

9. On or about March 29, 2024, Petitioner timely filed a form N-336, Request for a Hearing on Naturalization proceedings, which was rejected on or about April 15, 2024, due to a payment error.

10. On or about April 22, 2024, Petitioner re-filed his form N-336 Request for a Hearing on a Decision in Naturalization Proceedings with the correct payment amount, and USCIS issued Receipt Number IOE0925609336 for this filing.

11. Under 8 C.F.R. § 336.2(b), USCIS is required to schedule a hearing and render a decision within 180 days of the filing of the N-336.

12. Despite this mandate, USCIS did not mark the N-336 application as "under review" until March 25, 2025, more than 11 months after the filing date.

13. As of the date of this filing, nearly 17 months after the N-336 was submitted, USCIS has failed to schedule a hearing or make a final determination.

14. This delay is unreasonable and constitutes a violation of both the Administrative Procedure Act and Alyas's statutory rights under the Immigration and Nationality Act.

### First Cause of Action: Mandamus under 28 U.S.C. § 1361

14. Petitioner restates and realleges the foregoing as though fully set forth herein.

15. USCIS has a non-discretionary duty to schedule and adjudicate N-336 hearings within 180 days, which they have failed to perform.

16. Petitioner has no adequate remedy in law, and the delay is causing ongoing harm, including denial of the right to a timely adjudication of citizenship status.

### Second Cause of Action: Violation of the Administrative Procedure Act 5 U.S.C §§555(b), 706(1)

17. Petitioner restates and realleges the foregoing paragraphs as though fully set forth herein.

18. Under the Administrative Procedure Act (APA) 5 U.S.C. §555(b), agencies are obligated to conclude matters before them "within a reasonable time."

19. The delay of 17 months to even schedule a hearing, far exceeding the 180-day period provided by 8 C.F.R. §336.2(b), constitutes agency action unlawfully withheld or unreasonably delayed in violation of the APA.

20. Pursuant to 5 U.S.C. §706(1), this Court has the non-discretionary obligation to "compel agency action unlawfully withheld or unreasonably delayed."

### Third Cause of Action: In the Alternative, Declaratory Judgment Pursuant to 28 U.S.C. §2201

21. Petitioner restates and realleges the foregoing paragraphs as though fully set forth herein.

22. An actual and justiciable controversy exists between Petitioner and Respondents as to whether USCIS's continued failure to schedule and adjudicate his N-336 request within the mandated 180-day period violates the Immigration and Nationality Act, its implementing regulations, and the Administrative Procedure Act.

23. Pursuant to 28 U.S.C. § 2201, this Court has the authority to declare the rights and obligations of the parties.

24. Petitioner seeks a declaratory judgment that USCIS's failure to act on his N-336 request within 180 days is unreasonable, unlawful, and contrary to law.

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue a writ of mandamus compelling USCIS to promptly schedule and conduct Petitioner's N-336 hearing and issue a decision within 30 days thereafter;
B. Award costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C § 2412;
C. In the alternative, issue a declaratory judgment that Respondents' failure to schedule and adjudicate Petitioner's N-336 request within 180 days is unlawful under the Immigration and Nationality Act, its regulations, and the Administrative Procedure Act;
D. Grant any further relief the Court deems just and proper.

Dated this 19th day of September, 2025.

                Respectfully submitted,

                MUQDAD MURAD ALYAS,

                    Petitioner.

                    By: /s/ *Perry A. Pirsch, Esq.*
                    Perry A. Pirsch, #21525

                    By: /s/ *Matthew B. Stafford, Esq.*
                    Matthew B. Stafford, #28218

                    Pirsch Legal Services, PC, LLO
                    24804 Country Club Rd.
                    Ashland, NE 68003
                    (402) 521-0930
                    perry@nebraskabusiness.legal
                    matts@nebraskabusiness.legal